### Glen COX *v.* Phyllis FRENCH, County Clerk et al; Ken NOCE, Intervenor

82-90                                                     640 S.W.2d 786

Supreme Court of Arkansas
Opinion delivered October 11, 1982
[Rehearing denied November 15, 1982.*]

*Wilson, Grider & Castleman,* by: *Murrey L. Grider,* for appellant.

*Smith & Morphew,* for appellees.

RICHARD B. ADKISSON, Chief Justice. The Quorum Court of Randolph County passed Ordinance No. 88 on September 3, 1981. The ordinance was duly published one week later. Purporting to act pursuant to Amendment 7 of

---

*DUDLEY, J., not participating.

the Arkansas Constitution, appellee, Ken Noce, filed a referendum petition on the ordinance in the county clerk's office on December 1, 1981. This appeal is from a decree of the Randolph County Chancery Court holding the petition was properly filed even though filed with the county clerk later than 60 days after the ordinance was passed and published.

Ark. Stat. Ann. § 17-4011.6 (Repl. 1980) sets the time for filing a referendum petition:

> (b) Referendum Petitions. All petitions for referendum on county measures must be filed with the County Clerk within sixty (60) calendar days after passage and publication of the measure sought to be repealed.

Appellees argue that this statute is unconstitutional because Amendment 7, which states that the time for filing is from 30 to 90 days, is self-executing. We disagree. This statute was passed as permissible enabling legislation for paragraph three of the Local Petitions section of Amendment 7 of the Arkansas Constitution, which provides:

> General laws shall be enacted providing for the exercise of the initiative and referendum as to counties. ... In municipalities and counties the time for filing an initiative petition shall not be fixed at less than sixty days nor more than ninety days before the election at which it is to be voted upon; for a referendum petition at not less than thirty days nor more than ninety days after the passage of such measure by a municipal council; ...

This section clearly anticipates that general laws may be enacted fixing a time for filing a referendum petition at a specific time between 30 and 90 days. By enacting Ark. Stat. Ann. § 17-4011.6, the legislature fixed the time at 60 days which was a lawful exercise of its power.

Appellees also argue that they did not have to comply with Ark. Stat. Ann. § 17-4011.6 because it was repealed by Ark. Stat. Ann. § 17-4003.1 (Supp. 1981):

Any ordinance enacted by the governing body of any county, city or town in the State may be referred to a vote of the electors of such county, city or town for approval or rejection in the manner and procedure prescribed in Amendment No. 7 to the Arkansas Constitution *and laws enacted pursuant thereto for exercising the local initiative and referendum,* and the manner and procedure prescribed therein shall be the exclusive method of exercising the initiative and referendum regarding such local measures. (Emphasis supplied)

This statute did not repeal Ark. Stat. Ann. § 17-4011.6 (b), but specifically preserved all previously enacted enabling legislation, including Ark. Stat. Ann. § 17-4011.6.

Since the referendum petition was not timely filed, the election held pursuant to the order of the trial court was invalid.

Reversed.

DUDLEY, J., not participating.