Mr. Richard Simmons, Chairman Clay County Election Commission Route 3 Rector, AR 72461
Dear Mr. Simmons:
This is in response to your request for an opinion regarding a particular Petition For Referendum ("Petition") on a city ordinance. You have attached a copy of the Petition, which orders the referendum on Ordinance No. 64 of the City of McDougal, Arkansas. The copy indicates that the Petition was filed with the Recorder-Treasurer on December 3, 1991. The Petition states that Ordinance No. 64 was passed by the city council on November 14, 1991. You have requested an opinion on the legality of the Petition and whether it was filed in the proper time frame.
With regard to the "legality" of this Petition, it must be initially noted that the sufficiency of all local petitions is to be decided in the first instance by the city clerk (or the county clerk, as the case may be), subject to review by the Chancery Court. This is in accordance with Amendment 7 to the Arkansas Constitution. See Ark. Const. amend. 7 ("The Petition"). It is thus clear that this office has not been vested with authority to determine the sufficiency of this Petition. Rather, that determination lies with the city clerk. If there are specific questions concerning the application of state law, an opinion from this office will be issued in accordance with that statutory mandate. See A.C.A. § 25-16-706(b) (Repl. 1992).
With regard to the filing of the Petition, reference must be made to Amendment 7, and to any local ordinance fixing the time for filing referendum petitions on municipal legislation. Amendment 7 states that "[m]unicipalities may provide for the exercise of the initiative and referendum as to their legal legislation[;]" and the General Assembly has made it clear that "[a]ny ordinance enacted by the governing body of any city or town in the state may be referred to a vote of the electors of the city or town for approval or rejection in the manner and procedure prescribed in Arkansas Constitution, Amendment 7, and laws enacted pursuant thereto for exercising the local initiative and referendum. . . ." See Ark. Const. amend. 7 ("Local Petitions") and A.C.A. § 14-55-302 (1987).
Amendment 7 states:
 In municipalities and counties the time for filing an initiative petition shall not be fixed at less than sixty days nor more than ninety days before the election at which it is to be voted upon; for a referendum petition at not less than thirty days nor more than ninety days after the passage of such measure by a municipal council. . . . [Emphasis added.]
Ark. Const. amend. 7 ("Local Petitions").
The Arkansas Supreme Court has stated, with regard to the above provision, that "[t]his section clearly anticipates that general laws may be enacted fixing a time for filing a referendum petition at a specific time between 30 and 90 days." Cox v.French, 277 Ark. 134, 135, 640 S.W.2d 786 (1982). See alsoCobb v. Burress, 213 Ark. 177, 181, 209 S.W.2d 694 (1948) ("[Amendment 7 gives to municipalities the right to provide for the exercise of referendum as to local legislation, and . . . the time for filing petitions for referendum may be fixed by each municipalities at `not less than thirty nor more than ninety days after the passage of such measure by a municipal council]'").
While reference to any local ordinance addressing the filing period is therefore indicated, it should be noted that Amendment 7 has not been construed to prohibit the filing of a referendum petition in less than thirty days after passage of the measure. Rather, the Arkansas Supreme Court has stated, with regard to the "not less than thirty days nor more than ninety days" requirement:
 This does not mean, of course, that the petition for a referendum cannot be filed less than 30 days after the passage of the measure sought to be referred, but only that the city must allow at least 30 days after the passage of the measure for the filing of a referendum petition thereon, and cannot allow more than 90 days.
Southern Cities Distributing Co. v. Carter, 184 Ark. 4, 8,44 S.W.2d 362 (1934).
Thus, with regard to the Petition in question, it may be concluded that the December 3, filing (which was less than thirty days after passage of the ordinance being referred) is timely. While the city cannot require the filing of a petition in less than thirty days, the Arkansas Supreme Court has clearly stated that ". . . referendum petitions, although they could not have been required to be filed in less than 30 days after the passage of the measure sought to be referred, [are] in no wise invalidated by having been sooner filed." Southern CitiesDistributing Co., supra.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh